IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angelo Ham, #315014 <br> *a/k/a Angelo Bernard Ham,* <br><br> Plaintiff, <br><br> v. <br><br> James Sly; Assistant Warden Nolan; Warden McCall; John J. Brooks; James C. Dean; Bruce Oberman; Cpt. Commander; Francis Bowman; Jack Brown; Darrell Cain; Ms. Johnson; Darlington County Sheriff's Office; Calvin Jackson; Tim Robertson; John McLeod; Jay Hodge; Sherrie Baugh; Will Rogers; Kernard Redmond; Warden Anthony Padula, *LCI Warden*; Tonya Hancock, *Commissary Staff*; Ms. Canty, *Commissary Staff*; Jason Davis, *SMU Lt*; Franklin Richardson, *SMU Lt.*; and Lesia Johnson, *LCI IGC,* <br><br> Defendants. | C/A No. 6:12-2998-JMC-KFM <br><br><br> **REPORT** <br> **AND** <br> **RECOMMENDATION** <br> **Partial Summary Dismissal** |

Plaintiff, Angelo Ham, also known as Angelo Bernard Ham ("Plaintiff"), a prisoner in the Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC") in Bishopville, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983,[1] seeking declaratory and injunctive relief and

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

monetary damages. Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes a district court to dismiss a case if it is satisfied that the action is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(I), (ii), and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and are held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

On October 17, 2012, Plaintiff filed his original Complaint, ECF No. 1, alleging violations of his Eighth and Fourteenth Amendment rights by two different groups of Defendants. Plaintiff's original Complaint alleges that Defendants Sly, Nolan, McCall,

Brooks, Dean, Oberman, Hancock, Canty, L. Johnson, Commander, Bowman, Brown, Cain, and Ms. Johnson ("the original SCDC Defendants") "are all officials with the S.C. Dept. Of Corrections and are legally responsible for the overall welfare of the Plaintiff [and] [t]hese are also the Defendants that will be legally responsible for the Plaintiff's Eighth Amendment rights." *See* ECF No. 1, p. 3. Plaintiff alleges:

> he has been complaining of having dry skin and cleaning supplies since his incarceration in the Special Management Unit at Lee C.I. . . . [H]e started sending request forms to various SCDC staff regarding the violation of Plaintiff's Eighth Amendment rights. So then Plaintiff filed his first grievance on 7/22/10 at which the Plaintiff then stated that he was not being provide with the adequate hygiene supplies per the SCDC rules and regulations nor the U.S. Constitution rights. . . . as a result of him being denied to adequate amount of hygiene supplies caused him to suffer from pain and suffering as the Plaintiff has a history of numerous complaints of dandruff; skin rashes; fungal infections; yeast infection; and ath[]lete's feet. . . he has been prescribed medication by nurses and doctors.

ECF No. 1, p. 4. Plaintiff further alleges:

> Plaintiff . . . used the prisoner grievance procedure available at Lee C.I. to try and solve the problem. On 7/22/10 Plaintiff presented the facts relating to this complaint. On 8/24/10 Plaintiff was sent a response saying that the grievance had been denied. On 8/25/10 I appealed that decision and on 8/2/12 I was sent a response saying that the appeal had been denied.

ECF No. 1, p. 5.

In connection with his Eighth Amendment claim against the original SCDC Defendants, Plaintiff also submitted a "Motion for Preliminary Injunction and Temporary Restraining Order," ECF No. 5. Plaintiff's motion alleges that, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the SCDC Defendants "ha[ve] violated his Eighth Amendment rights subjecting the Plaintiff to cruel and unusual punishment resulting in the Plaintiff to suffer from pain and/or medical issues." Plaintiff

3

cites to *Blackwelder Furniture Co. V. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) as authority for the factors that the court must consider in evaluating his motion[2] and alleges:

> Defendants was and is fully aware of the fact they was not giving the Plaintiff the appropriate nor adequate amount(s) of personal hygiene and/or cleaning supplies. SCDC Policy/Procedure ADM-16.08, "Commissary Operation," clearly states that inmates will be given 3 bars of soap, 2 shampoos, 1 deodorant, 1 toothpaste, 1 toothbrush, 4 disposable razors, 16 sheets of paper, 1 pencil, 2 envelopes, and 2 comb upon request. Plaintiff states that he was not and is not being provided with all of these items. Plaintiff states that by prison officials not providing him with all of these supplies, he has indeed suffered from fungal infections, athlete's feet, dandruff, skin rashes, and yeast infection. Plaintiff states that as of today he is only being given 1 bar of soap a month when he suppose to get 3 bars of soap. He is not being given shampoo nor razors.

ECF No. 5, p. 2-3. Plaintiff states that "he is likely to prevail on the merits of his claim." ECF No. 5, p. 3. Plaintiff states that "he is likely to suffer irreparable harm if this motion is not granted," alleging that "by noting the Plaintiff's medical records dating as far back as January 23, 2008, the Plaintiff has indeed suffered from numerous injuries as a result of not being provided with the adequate amounts of personal hygiene and/or cleaning supplies," and "that it is believable that by being denied adequate personal hygiene and/or cleaning supplies that the Plaintiff will suffer more irreparable injuries and/or harm than he has already suffered." *Id.*

Plaintiff's original Complaint also alleges that Defendants Darlington County Sheriff's Office, Calvin Jackson, Tim Robertson, John McLeod, Jay Hodge, Sherrie Baugh, Will Rogers, and Kernard Redmond ("the Darlington County Defendants") are "the Defendants

---

[2] The correct, relevant authority is *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24-25 (2008).

that will be legally responsible for the Plaintiff's Fourth Amendment right." ECF No. 1, p. 4. Plaintiff alleges:

> on 9/9/04 a crime was committed and I was falsely arrested without probable cause and held without an arrest warrant until July 19, 2005. Please be advised that this is the date that the arrest warrant were being prepared to be served on the Plaintiff at which this Plaintiff hereby states that he do not remember being served with an arrest warrant.

ECF No. 1, p. 5. Attached to Plaintiff's Complaint are numerous SCDC and state court documents.

On November 13, 2012, Plaintiff filed an amendment to his pleading, entitled "Plaintiff's Amended Complaint," in which Plaintiff submitted additional SCDC documents (copies of grievance forms, requests to staff, incident reports, and medical records), and in which Plaintiff purported to add six additional SCDC Defendants ("the additional SCDC Defendants"), *i.e.* Anthony J. Padula, L.C.I. Warden; Tonya Hancock, Commissary staff; Ms. Canty, Commissary staff; Jason Davis, SMU Lt.; Franklin Richardson, SMU Lt.; and Lesia Johnson, L.C.I. IGC.[3] Plaintiff alleged that "these Defendant(s) either took the Plaintiff's mattress or had knowledge that the Plaintiff's mattress had been illegally taken and failed to take the appropriate steps in making sure that the Plaintiff receive a mattress." *See* ECF No. 10, p. 1. In order to preserve issues raised in this case and to give liberal

---

[3] SCDC Defendants Tonya Hancock, Ms. Canty, and Lesia Johnson were already named as Defendants in this case in Plaintiff's original Complaint. *See* ECF No. 1, p. 1. Based on a review of the original Complaint, the Amended Complaint, and the proposed service documents submitted by Plaintiff, it appears that Defendant "Ms. Johnson," who is identified by Plaintiff as an "L.C.I. officer," is a different individual from Defendant "Lesia Johnson, L.C.I. IGC," whom Plaintiff previously referred to in his original Complaint as "L. Johnson." Therefore, along with this Report and Recommendation in this case, the undersigned will simultaneously issue an Order directing the Clerk of Court to terminate the duplicate listings of Defendants Hancock, Canty, and L. Johnson in the case caption on the docket.

construction to the pleadings, the Clerk of Court attached Plaintiff's original Complaint, ECF No. 1, to this newly-filed pleading, to form one document, designated as the Amended Complaint, ECF No. 10.

## DISCUSSION

Plaintiff's Amended Complaint, insofar as it attempts to state a claim under 42 U.S.C. § 1983 for violation of Plaintiff's Eighth Amendment rights, against the original SCDC Defendants and the additional SCDC Defendants, *i.e.* Defendants Sly; Nolan; McCall; Brooks; Dean; Oberman; Commander; Bowman; Brown; Cain; Ms. Johnson; Anthony J. Padula, *L.C.I. Warden*; Tonya Hancock, *Commissary staff*; Ms. Canty, *Commissary staff*; Jason Davis, *SMU Lt.*; Franklin Richardson, *SMU Lt.*; and Lesia Johnson, *L.C.I. IGC*, makes factual allegations that are sufficient to survive summary dismissal under 28 U.S.C. § 1915 and to require the development of additional facts through a responsive pleading from the Defendants. Accordingly, the undersigned recommends that the Amended Complaint be served on the original and additional SCDC Defendants and that they be required to respond to the Amended Complaint.

Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is construed as a request for a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a). As such, "[t]he court may issue a preliminary injunction only on notice to the adverse party." While Plaintiff alleges that he has shown that he will suffer irreparable injury unless an injunction is issued, the undersigned finds that Plaintiff fails to allege specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendants can be heard in opposition to his

6

motion.  Plaintiff has not certified in writing any efforts made to give notice to Defendants and any reasons why notice should not be required.  Plaintiff's allegations of recurrent dandruff, skin rashes, fungal infections, yeast infection, and athlete's feet do not currently appear to be imminent, life-threatening, critical medical conditions.  The copies of Plaintiff's SCDC medical records attached to his Amended Complaint indicate that Plaintiff has received regular medical treatment in response to such complaints.  Plaintiff has not shown that the balance of equities tips in his favor or that an injunction is in the public interest.  Moreover, although Plaintiff titles his request in the alternative, the relief he seeks is clearly a preliminary injunction, which must be served on all parties, pursuant to Fed. R. Civ. P. 65(a).  A temporary restraining order "expires at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). Accordingly, pursuant to Fed. R. Civ. P. 65(a), Plaintiff's Motion should be served upon the SCDC Defendants along with Plaintiff's Amended Complaint.

Plaintiff's Amended Complaint, insofar as it attempts to state a claim under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights against the Darlington County Defendants, should be summarily dismissed, based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477(1997).  With respect to civil rights actions filed pursuant to § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

7

> a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the of plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. The United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.[4] It is noted that the rule in *Heck* does not apply to claims of false arrest in the pre-conviction context, where criminal charges are still pending. *See Wallace v. Kato*, 549 U.S. 384, 939 (2007). In the instant action, Plaintiff has been convicted of charges resulting from his alleged warrantless arrest without probable cause.[5] If Plaintiff's allegations in this case were proven true and judgment rendered in his favor, his conviction would necessarily be invalidated. *See Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983

---

[4] *But see Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir.2008) (former prisoner's § 1983 claim alleging wrongful imprisonment, filed after his sentence expired, was cognizable; prisoner not eligible for habeas relief because sentence had expired, so he would be left without access to contest allegedly wrongful imprisonment if his § 1983 claim was barred).

[5] The undersigned takes judicial notice of information concerning Plaintiff's conviction and sentence located on SCDC's Incarcerated Inmate Search website, showing that Plaintiff is currently serving a life sentence for murder, with a sentence start date of September 10, 2004, and an SCDC admission date of April 18, 2006. *See* https://sword.doc.state.sc.us/scdc-public/ (last visited Jan. 2, 2013); *In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

claims challenging procedural deficiencies that necessarily imply the invalidity of the judgment). As such, Plaintiff must meet *Heck's* favorable termination requirement in order to recover damages or to obtain the other relief he seeks for the alleged constitutional violation associated with his current conviction and imprisonment.

Plaintiff has not been successful in having his murder, armed robbery, and criminal conspiracy convictions set aside by way of appeal, post-conviction relief, habeas corpus, or otherwise.[6] Accordingly, *Heck* bars Plaintiff from suing the eight Darlington County Defendants, at this time, based on their involvement in his arrest, prosecution, and conviction. Therefore, as to Defendants Darlington County Sheriff's Office, Calvin Jackson, Tim Robertson, John McLeod, Jay Hodge, Sherrie Baugh, Will Rogers, and Kernard Redmond, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted, and they should be summarily dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's Amended Complaint be summarily dismissed, without prejudice and without issuance and service of process, as to the following Defendants: Darlington County Sheriff's Office; Calvin Jackson; Tim Robertson; John McLeod; Jay Hodge; Sherrie Baugh; Will Rogers; and Kernard Redmond. Plaintiff's Amended Complaint and Motion for Preliminary Injunction should be served on the following Defendants: James Sly; Assistant Warden Nolan; Warden McCall; John J.

---

[6] The undersigned takes judicial notice of the state court records of Plaintiff's criminal and post-conviction relief proceedings located on the Darlington County Fourth Judicial Circuit Public Index website. *See* http://publicindex.sccourts.org/darlington/publicindex/PISearch.aspx (last visted Jan. 2, 2013); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records.").

Brooks; James C. Dean; Bruce Oberman; Cpt. Commander; Francis Bowman; Jack Brown; Darrell Cain; Ms. Johnson; Warden Anthony Padula, *LCI Warden*; Tonya Hancock, *Commissary Staff*; Ms. Canty, *Commissary Staff*; Jason Davis, *SMU Lt*; Franklin Richardson, *SMU Lt.*; and Lesia Johnson, *LCI IGC*. Plaintiff's attention is directed to the important notice on the next page.

January 7, 2013                                      s/ Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street, Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).