IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Angelo Ham, ) | |
| ) | Civil Action No. 6:12-2998-JMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| James Sly, et al., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the plaintiff's motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a). The plaintiff, a state prisoner proceeding *pro se*, alleges violations of his Eighth and Fourteenth Amendment rights. Specifically, he alleges in his amended complaint that the South Carolina Department of Corrections ("SCDC") defendants failed to provide him adequate hygiene supplies, which caused him to have medical issues, and took away his mattress.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff filed his complaint and motion for preliminary injunction on October 17, 2012, and he filed an amended complaint on November 13, 2012. On January 7, 2013, the undersigned authorized service on the SCDC defendants.[1] The defendants filed their answer and response in opposition to the motion for preliminary injunction on February 14, 2013.

---

[1] On that same date, the undersigned issued a Report and Recommendation recommending that the plaintiff's amended complaint be dismissed as to the Darlington County defendants, against whom the plaintiff alleged Fourth Amendment violations.

In his motion, the plaintiff alleges the SCDC defendants "ha[ve] violated his Eighth Amendment rights subjecting the Plaintiff to cruel and unusual punishment resulting in the Plaintiff suffering from pain and/or medical issues."  He alleges:

> Defendants was and is fully aware of the fact they was not giving the Plaintiff the appropriate nor adequate amount(s) of personal hygiene and/or cleaning supplies. SCDC Policy/Procedure ADM-16.08, "Commissary Operation," clearly states that inmates will be given 3 bars of soap, 2 shampoos, 1 deodorant, 1 toothpaste, 1 toothbrush, 4 disposable razors, 16 sheets of paper, 1 pencil, 2 envelopes, and 2 comb upon request. Plaintiff states that he was not and is not being provided with all of these items.
>
> Plaintiff states that by prison officials not providing him with all of these supplies, he has indeed suffered from fungal infections, athlete's feet, dandruff, skin rashes, and yeast infection. Plaintiff states that as of today he is only being given 1 bar of soap a month when he suppose to get 3 bars of soap. He is not being given shampoo nor razors.

(Doc. 5 at 2-3).  The plaintiff states that "he is likely to suffer irreparable harm if this motion is not granted," alleging that "by noting the Plaintiff's medical records dating as far back as January 23, 2008, the Plaintiff has indeed suffered from numerous injuries as a result of not being provided with the adequate amounts of personal hygiene and/or cleaning supplies" and "that it is believable that by being denied adequate personal hygiene and/or cleaning supplies that the Plaintiff will suffer more irreparable injuries and/or harm than he has already suffered" (*id.* at 3).

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981).  To obtain a preliminary

injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); see *Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). A plaintiff must meet all four of *Winter*'s requirements in order to secure a preliminary injunction. *Scott*, 2009 WL 2579464, at *1.

The defendants argue that the that the plaintiff has failed to show that he will suffer irreparable harm. This court agrees. The plaintiff does not contend that he is denied all hygiene supplies, only that the number received is inadequate. He has failed to causally connect the alleged lack of hygiene products to the medical issues he has suffered over the years. Moreover, even if related, the plaintiff's medical records detail the medical staff's timely attention to his complaints (doc. 10-4). Further, the plaintiff provides no evidence, beyond his conclusory assertions, of his likely success on the merits.

Based upon the foregoing, the motion (doc. 5) should be denied.

IT IS SO RECOMMENDED.

February 20, 2013                                         s/ Kevin F. McDonald
Greenville, South Carolona                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.