IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Angelo Ham, | ) | |
| | ) | Civil Action No. 6:12-2998-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| James Sly, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 31], filed on February 20, 2013, recommending that Plaintiff's Motion for Preliminary Injunction [Dkt. No. 5] in the above-captioned case be denied. Plaintiff, a *pro se* state prisoner, seeks relief under 42 U.S.C. § 1983, claiming that Defendants, prison officials, violated his Eighth and Fourteenth Amendment rights by failing to provide adequate hygiene and cleaning supplies, which caused him to have certain medical issues. This order comes after Plaintiff timely filed his Objections to Report of Magistrate Judge ("Objections") on March 5, 2013 [Dkt. No. 39]. For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and **DENIES** Plaintiff's Motion for Preliminary Injunction [Dkt. No. 5].

The relevant facts and legal standards as to the underlying § 1983 action are set forth in detail in the Report, which the court incorporates herein by reference. At this juncture, the court must determine whether Plaintiff is entitled to a preliminary injunction. "[T]he award of a preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650

1

F.2d 495, 499 (4th Cir. 1981). To obtain a preliminary injunction, a plaintiff must meet each of four requirements: he "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Report found that Plaintiff failed to meet the standard required for the court to grant a preliminary injunction. Specifically, Plaintiff failed to establish that he will suffer irreparable harm because he admits that he receives some hygiene supplies, because he has not shown a causal connection between the alleged inadequate supply of hygiene products and his medical issues, and because his medical records detail the medical staff timely attention to his complaints [Dkt. 31 at 3]. The Report also found Plaintiff failed to show a likelihood of success on the merits because he proffered no evidence aside from conclusory assertions [Dkt. No. 31 at 3].

Plaintiff, in his Objections, argues that the Report's conclusions are in error. First, he contends that he is likely to succeed on the merits because "SCDC Policy/Procedure ADM-16.08, 'Commissary Operations' . . . has set [a] minimal standard" of the amount of hygiene products Plaintiff is to receive [Dkt. No. 39 at 1]. Second, Plaintiff argues that he will suffer irreparable harm because "it is common sense to believe . . . that by being denied the adequate hygiene and/or cleaning supplies, he has indeed suffered from the numerous medical illnesses" [Dkt. No. 39 at 2]. Third, Plaintiff objects to the Report's reference to the actions of the medical staff because his claim is not directed at any medical personnel and he does not allege a medical care violation; rather his complaint is a condition-of-confinement claim [Dkt. No. 39 at 3].

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a

recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the bases for those objections. FED. R. CIV. P. 72(b). "Parties are deemed to have waived an objection to a magistrate judge's report if they do not present their claims to the district court." *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008). Furthermore, "a general objection to a magistrate judge's findings is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as to reasonably alert the district court of the true ground for the objection'" *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (alterations in original)). General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. *See Jackson v. Astrue*, No. 1:09cv467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Such objections, stating no more than a general disagreement with the magistrate judge's findings, do not alert the court to errors and are thus not accurately labeled as "objections." *See Jackson*, 2011 WL 1883026; *Aldrich*, 327 F. Supp. 2d at 747. Therefore, if a party fails to properly object because the objections lack the requisite specificity, *de novo* review by the court is not required. *See Brooks v. James*, No. 2:10-2010-MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). In the absence of a proper objection, the court must "'only satisfy

itself that there is no clear error on the face of the record in order to accept the recommendation.'" *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

In this case, Plaintiff's Objections lack the specificity required by Federal Rule of Civil Procedure 72(b) and the relevant case law. In his first objection, Plaintiff merely restates his grievance of inadequate hygiene and cleaning supplies that he first made in his motion [*compare* Dkt. No. 5 at 2–3 (listing items required by regulation) *with* Dkt. No. 39 at 1–2 (listing the same items)]. Beyond these same grievances, Plaintiff does not explain why the Report's conclusion that Plaintiff has not shown his likely success on the merits was incorrect. In his second objection, Plaintiff again does no more than restate claims previously made in his motion [*compare* Dkt. No. 5 at 3–4 (describing past and potential future medical conditions) *with* Dkt. No. 39 at 2 (describing the same medical conditions)]. Aside from restating these claims, Plaintiff does not delineate any errors in the Report's conclusion that he will not suffer irreparable harm. Plaintiff's third objection, arguing that he has not directed his complaint against any medical personnel, does not respond to the content of the Report. The report notes the apt attention of the medical staff in support of its conclusion that Plaintiff will not suffer irreparable harm from lack of hygienic supplies. Because the objection is non-responsive, it does not direct the court's attention to any specific error in the Report.

In sum, each of Plaintiff's objections has failed the specificity requirement of Federal Rule of Civil Procedure 72(b). Because Plaintiff failed to properly object to the Report with specificity, the court need not conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

4

*Diamond*, 416 F.3d at 316. The court does not find clear error and accepts the Report of the Magistrate Judge.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report. [Dkt. No. 31]. It is therefore **ORDERED** that Plaintiff's Motion for Preliminary Injunction [Dkt. No. 5] in the above-captioned case is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
May 24, 2013