IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Angelo Ham, | ) | |
| | ) | Civil Action No. 6:12-2998-JMC-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| James Sly, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendants' motions for summary judgment (docs. 57 and 91). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

The plaintiff is currently incarcerated in the Special Management Unit ("SMU") at Lee Correctional Institution ("LCI"), a facility within the South Carolina Department of Corrections ("SCDC"). In his original complaint filed October 17, 2012, the plaintiff set out two claims: (1) an Eighth Amendment claim against certain SCDC employees for denying him adequate personal hygiene supplies, and (2) a Fourteenth Amendment claim against a group of Darlington County employees whom he alleges had a role in his 2004 arrest and subsequent improper incarceration (comp., pp. 2-5). The plaintiff thereafter filed an amended complaint on November 13, 2012, alleging that some of the same SCDC

defendants, along with other newly-named SCDC defendants, had further violated his Eighth Amendment rights by illegally taking away his mattress (am. comp., p. 1).

On January 7, 2013, the undersigned filed a Report and Recommendation for Partial Dismissal (doc. 16) as to the Darlington County defendants, based on the holding in *Heck v. Humphrey*, 512 U.S. 477 (1997).  This Report and Recommendation is pending before the Honorable J. Michelle Childs, United States District Judge.

On March 28, 2013, the SCDC defendants, James Sly, Assistant Warden Nolan, Warden McCall, John J. Brooks, James C. Dean, Bruce Oberman, Cpt. Commanders, Francis Bowman, Jack Brown, Darrell Cain, Lesia Johnson, Tonya Hancock, Anthony Padula, Franklin Richardson, and Ms. Johnson filed a motion for summary judgment (doc. 57) addressing the plaintiff's claim regarding the failure to supply personal hygiene and cleaning supplies.  That same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.  On July 26, 2013, the plaintiff timely filed his response in opposition (doc. 86).  On September 12, 2013, the defendants filed a second motion for summary judgment (doc. 91) addressing the plaintiff's claim regarding his mattress.  The next day, the plaintiff was again advised by this court of his responsibilities pursuant to *Roseboro* (doc. 92).  The plaintiff timely filed his response in opposition (doc. 94) to the second motion for summary judgment on September 26, 2013.

Regarding his initial claim concerning the denial of personal hygiene and cleaning supplies, the plaintiff alleges that he has complained of dry skin and the lack of hygiene items since his incarceration in the SMU.  He claims that his complaints have been ignored or rejected, and as a result he has been subjected to pain and suffering in the form of dandruff, skin rashes, fungal infections, a yeast infection, and athlete's foot (comp., p.

4).[1]  The defendants deny that the plaintiff has been refused adequate hygiene supplies, as he is allotted the standard amount provided to all SMU inmates.  Moreover, they point to the plaintiff's medical records as support that his medical complaints have not been ignored, but instead have been consistently addressed with examination and treatment (doc. 57, pp. 6-9).

Regarding his claim that his mattress was taken, the plaintiff contends that the defendants removed it illegally and then failed to take appropriate steps to ensure that he received another mattress (am. comp., p. 1).  The defendants deny that the plaintiff was ever without a mattress.  They provide grievance forms that indicate that, during a cell search, the plaintiff's mattress was found to be stuffed with excess cotton making it a "double mattress."  The excess cotton was seized as contraband, and the plaintiff was left with the thinner mattress (docs. 91-3 and 91-4).  In response, the plaintiff admits his mattress was not taken as he initially alleged, but that the stuffing was only "about a half an inch thick" after the purported excess cotton was removed (doc. 94, pp. 2-3).  He argues that the excess cotton was not contraband due to the fact he was never charged for possessing it and that he later received some additional cotton from an employee to put back into his mattress (*id*., p. 3).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of

---

[1]In his response in opposition (doc. 86, p. 5), the plaintiff states that he is not raising an Eighth Amendment claim for failure to provide medical care.  However, given his allegations of physical harm resulting from conditions of confinement claim, the court has considered both concerns.

the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

### Conditions of Confinement

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment regarding the conditions of his confinement, a prisoner must prove that he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation. *See Strickler v.* Waters, 989 F.2d 1375, 1379 (4th

Cir. 1993).  The first prong of the *Strickler* analysis requires an objective showing that the deprivation was sufficiently serious, such that significant physical or emotional injury resulted from it, while the second prong is a subjective test requiring evidence that prison officials acted with a sufficiently culpable state of mind.  *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

The plaintiff admits for the past six years he has received a monthly supply of personal hygiene and cleaning items consisting of a bar of soap, one deodorant, a tube of toothpaste, and one toothbrush, the same amount that other inmates assigned to the SMU receive (doc. 86, pp.4-5).  He argues however that upon reviewing SCDC procedures, he determined that the commissary should have been providing him and other SMU inmates with additional items, including more soap and shower gel.  He further contends that when he pointed out the discrepancy, the referenced SCDC procedure "changed for the worst": he would thereafter continue to receive only the same number of hygiene items that had been previously supplied to him for the prior six years (*id.*, p. 5).

While the plaintiff may consider himself to have been short-changed on his monthly allotment of hygiene items, he cannot satisfy the *Strickler* test of showing a serious deprivation resulting in significant physical or mental injury.  He fails to demonstrate that his monthly supply is so inadequate as to deprive him of a basic human need, nor that the skin irritations he describes are directly attributable to the lack of additional hygiene items. Moreover, the plaintiff cannot meet the second prong of *Strickler*, as the record shows that the defendants were not deliberately indifferent to his complaints.  The medical records submitted by the defendants show that the plaintiff was seen by the medical staff on a number of occasions while housed in the SMU and was prescribed dandruff shampoo and other treatments for dry skin and rashes (SCDC medical summary, doc. 57-4, pp. 7, 12 -18, 20, 24-25, 29-30, 34-39, 43-44).  As to the plaintiff's argument that SCDC did not follow its own procedures in supplying certain quantities of hygiene products, that alone does not give

rise to a valid claim here. *See Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C. 1992) ("[Section 1983] guarantees a person's constitutional rights against violation by state actors. It does not provide any relief against prison rules violations assuming, arguendo, that such a violation occurred."). Accordingly, as the plaintiff cannot withstand either part of the *Strickler* analysis, this claim should be dismissed.

The plaintiff likewise fails on his conditions of confinement claim regarding his mattress. Contrary to the allegations in his amended complaint, the plaintiff admits in his response in opposition to summary judgment that his mattress was in fact not taken away from him. Instead, extra cotton stuffing was removed from the mattress by officers who considered it contraband, leaving the mattress thinner. The deprivation of the additional cotton, whether or not it was truly excessive and thereby contraband, is not so serious as to raise a constitutional concern. Further, the plaintiff cites no resulting significant injury suffered from sleeping on the thinner mattress. Again, guided by the standard in *Strickler*, the court finds that the plaintiff cannot maintain a valid conditions of confinement claim and recommends dismissal.

### *Deliberate Indifference to Serious Medical Needs*

To the extent the plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs, his claim fails. Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only

when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.  As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987).  With regard to the objective component, a medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990).  "Plaintiffs must also show the subjective component-deliberate indifference.  An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical needs of the inmate." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Mere negligence or malpractice does not violate the Eighth Amendment. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).  Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

In determining whether a prison official is deliberately indifferent to a prisoner's serious medical needs, the court may generally rely on medical records concerning examination and treatment of the prisoner. *Bennett v. Reed*, 534 F.Supp. 83, 87 (E.D. N.C. 1981);  *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment.")

7

The medical records before the court are clear that the plaintiff has received consistent care (SCDC medical summary, doc. 57-4, pp. 7, 12 -18, 20, 24-25, 29-30, 34-39, 43-44), and the defendants cannot be held to be deliberately indifferent to his medical needs.

### *Qualified Immunity*

The defendants further argue that they are entitled to qualified immunity as their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person should have known.  This court agrees.  Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendant's position would have known of it. *Id.*  In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

The plaintiff has failed to show that the defendants violated any of his constitutional rights.  Therefore, they are entitled to the protections afforded by the doctrine of qualified immunity.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motions for summary judgment (docs. 57 and 91) be granted.

IT IS SO RECOMMENDED.


December 10, 2013                                  s/ Kevin F. McDonald
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).