**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Angelo Ham, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 6:12-cv-02998-JMC |
| | ) | |
| James Sly; Assistant Warden Nolan; | ) | **ORDER AND OPINION** |
| Warden McCall; John J. Brooks; James | ) | |
| C. Dean; Bruce Oberman; Cpt. Commander; | ) | |
| Francis Bowman; Jack Brown; Darrell Cain; | ) | |
| Ms. Johnson; Darlington County Sheriff's | ) | |
| Office; Calvin Jackson; Tim Robertson; | ) | |
| John McLeod; Jay Hodge; Sherrie Baugh; | ) | |
| Will Rogers; Kernard Redmond; Warden | ) | |
| Anthony Padula, *LCI Warden*; Tonya | ) | |
| Hancock, *Commissary Staff*; Ms. Canty, | ) | |
| *Commissary Staff*; Jason Davis, *SMU Lt.*; | ) | |
| Franklin Richardson, *SMU Lt.*; and Lesia | ) | |
| Johnson, *LCI IGC,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 16), filed January 7, 2013, recommending the court dismiss *pro se* Plaintiff Angelo Ham's ("Plaintiff") 42 U.S.C. § 1983 claim against Defendants Darlington County Sheriff's Office, Calvin Jackson, Tim Robertson, John McLeod, Jay Hodge, Sherrie Baugh, Will Rogers, and Kernard Redmond (collectively referred to as "the Darlington County Defendants"). (ECF Nos. 1, 10[1]). In his claim, Plaintiff alleges he was illegally arrested in violation of his Fourth Amendment rights. *Id.* Plaintiff has filed his complaint pursuant to the

---

[1] On November 13, 2012, Plaintiff filed the Amended Complaint (ECF No. 10), which the court now takes into consideration.

*in forma pauperis* statute, 28 U.S.C. § 1915.  (ECF No. 15).  For the reasons stated herein, the court **ACCEPTS IN PART** and **REJECTS IN PART** the magistrate judge's Report and **DISMISSES** with prejudice and without issuance and service of process Plaintiff's claims against the Darlington County Defendants.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own.  However, a brief recitation of the background in this case is warranted.

The court construes Plaintiff's argument to contend that Defendants violated his Fourth Amendment rights by illegally arresting him.  (ECF No. 1 at 2).  Plaintiff alleges a crime was committed on September 9, 2004[3] for which he was arrested without probable cause and held without an arrest warrant until July 19, 2005.  (ECF No. 1 at 5).  Plaintiff seeks monetary damages as well as declaratory relief.  *Id.* at 6.  Upon review, the magistrate judge found that Plaintiff's Fourth Amendment claim was barred under *Heck v. Humphrey*, 512 U.S. 477 (1997). *Heck* held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Id.* at 486-87.  Thus, when a state prisoner seeks damages in a § 1983 suit, the complaint must be dismissed unless the plaintiff can

---

[2] As part of this Report, the magistrate judge found the remaining Defendants should be served. (ECF No. 16 at 9–10).  After accepting service, these Defendants moved for summary judgment (ECF No. 91) and the magistrate judge issued a second Report and Recommendation (ECF No. 97) responding to Defendants' motion.  This court will issue a subsequent order addressing the second Report and Recommendation.

[3] The court notes that the South Carolina Department of Corrections lists the start date for Plaintiff's incarceration as September 10, 2006. *See* South Carolina Department of Corrections, Incarcerated Inmate Search (last visited Feb. 25, 2014), http://public.doc.state.sc.us/scdc-public/ (enter "00315014" for "SCDC ID" and select "submit"; then select "Ham, Angelo").

demonstrate that the conviction or sentence has already been invalidated. *Id.* The magistrate judge found that Plaintiff has not been successful in having his conviction set aside and asserts allegations that if proven true would invalidate this conviction. Therefore, the Report concluded Plaintiff's claim was barred. (ECF No. 16 at 8–9). Plaintiff timely filed objections to the Report asserting that entering judgment in his favor would not invalidate or set aside his underlying conviction. (ECF No. 20 at 1).

## STANDARD OF REVIEW

The magistrate judge's Report is made is accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 63(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the district judge accepts the recommendation. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, fails to state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.    28 U.S.C. § 1915(e)(2)(B)(i-iii).  As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

The court recognizes that the magistrate judge concluded *Heck* barred Plaintiff's claim.  Notwithstanding this recommendation, upon independent review, this court holds Plaintiff's claim is duplicative of his previously dismissed § 1983 action, *Ham v. Darlington Cnty. Sheriff's Office*, 4:11-CV-1150-JMC, 2012 WL 2178693 (D.S.C. June 14, 2012) *aff'd sub nom. Ham v. Darlington Cnty. Sheriff's Office*, 478 F. App'x 767 (4th Cir. 2012).

A district court shall dismiss an action at any time if it determines that the action is frivolous or malicious.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  District courts are not required to entertain duplicative or redundant lawsuits and may dismiss such suits as frivolous pursuant to § 1915(e).  *Cottle v. Bell*, 229 F.3d 1142, 1142 (4th Cir. 2000) (*citing Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992)).   Generally, a lawsuit is duplicative if one of the parties, issues, or the relief sought does not significantly differ between the two suits.  *Id.* (*citing I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986)).

In *Ham v. Darlington Cnty. Sheriff's Office*, Plaintiff filed a complaint on May 12, 2011, alleging Darlington County Sheriff's Office, Calvin Jackson, Tim Robertson, John McLeod, Jay Hodge, Sherrie Baugh, Will Rogers, and Kernard Redmond, violated his Fourth Amendment rights under § 1983.  Plaintiff claimed his rights were violated because he was arrested without a warrant and not issued an arrest warrant until ten months after his incarceration.  2012 WL 2178693.  The undersigned dismissed the case without prejudice upon the recommendation of

4

the magistrate judge. *Id.* Plaintiff appealed to the Fourth Circuit. *Ham v. Darlington Cnty. Sheriff's Office*, No. 12-7103 (4th Cir. 2012). Upon review, the Fourth Circuit affirmed the district court's finding. *Id.*

Plaintiff's claim in *Ham v. Darlington Cnty. Sheriff's Office* is duplicative of the claim in the instant action as the same Defendants are named, identical issues are raised, and similar remedies are sought. Therefore, the dismissal of the Darlington County Defendants is warranted and Plaintiff's claim against them is dismissed with prejudice.[4]

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS IN PART** and **REJECTS IN PART** the magistrate judge's Report and Recommendation (ECF No. 16) and **DISMISSES** with prejudice Defendants Darlington County Sheriff's Office, Calvin Jackson, Tim Robertson, John McLeod, Jay Hodge, Sherrie Baugh, Will Rogers, and Kernard Redmond.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 25, 2014
Greenville, South Carolina

---

[4] The court rejects the magistrate judge's recommendation to dismiss this action without prejudice.